# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ALLEN MORSLEY, | : | CIVIL NO. 1:CV-11-1246 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| RONNIE HOLT, et al., | : | |
| Respondent | : | |

## MEMORANDUM

Allen Morsley ("Morsley"), an inmate currently confined at the United States Penitentiary at Canaan, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition he challenges his conviction in the United States District Court for the Eastern District of North Carolina of use and carrying of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.§ 924(c) in light of the United States Supreme Court decision in <u>Watson v. United States</u>, 552 U.S. 74 (2007). A response to the merits of the claims raised in the petition was filed on January 22, 2013. (Doc. No. 20.) Morsley was later granted an enlargement of time within which to submit a traverse. Rather than doing so, he filed a motion for discovery on March 8, 2013 (Doc. No. 23). On March 22, 2013, Respondent submitted his opposition thereto. (Doc. No. 24.) On April 3, 2013, Morsley filed a letter with the Court with respect to a copy of a legal opinion Respondent stated was attached to his brief in opposition to the motion for discovery.[1] (Doc. No. 27.) On April 18, 2013, Morsley filed a motion for extension of time to file his traverse due to a lockdown at USP-Canaan which

---

[1] This issue has since been resolved in that on April 3, 2013, Respondent filed a certificate of service with the Court verifying that service of this missing document had been served upon Morsley. (Doc. No. 28.)

resulted in the misplacement of his exhibits to the traverse. In this filing he also seeks to submit Requests for Admissions to Respondent. (Doc. No. 30.) For the reasons that follow, any request by Morsley to conduct discovery at this juncture of the case will be denied without prejudice, and his request for an enlargement of time within which to submit his traverse will be granted.

## I.  Factual Background

Morsley was convicted in the United States District Court for the Eastern District of North Carolina of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, use and carrying of a firearm during and in relation to the drug trafficking crime, in violation of 18 U.S.C. § 924(c), and various wire fraud and firearms dealing charges. U.S. v. Morsley, 64 F.3d 907 (4th Cir. 1995). The conviction was upheld on direct appeal, in a motion filed pursuant to 28 U.S.C. § 2255, and in two prior habeas petitions filed pursuant to § 2241.

In the petition, Morsley argues that the principle evidence relied upon to establish the § 924(c) conviction was testimony from Fletcher Johnson, a gun dealer, which indicated that Morsley attempted to exchange the dollar equivalent of cocaine for the firearms. Morsley contends that based upon the finding in the Watson case, that those who receive a firearm in exchange for drugs d o not "use" the firearm within the meaning of § 924(c), that his conviction of this count should be vacated. In the response, Respondent maintains that three (3) different theories of liability with respect to this count were set forth in the Indictment. He asserts that not only did sufficient evidence existed for a reasonable jury to find Morsley guilty of using the firearm during the drug trafficking crime, but also that sufficient evidence existed in the record to support a conviction by the jury on either of the remaining theories of liability.

Presently pending before the Court is Morsley's motion to conduct discovery in this case

prior to submitting his traverse. (Doc. No. 23.) He claims that by permitting him to conduct pre-hearing discovery, he will be able to "develop proof with respect to the issues," as well as narrow and eliminate issues. (Id. at 1.) Attached to his motion are Requests for Admissions he seeks to serve on Respondent. (Id. at 3-8.)

Morsley has also filed a letter with the Court indicating that he did attempt to submit a traverse in this matter with exhibits (mostly trial transcripts) on March 21, 2013, but that it was returned to him by the postal service on March 25, 2013, for lack of sufficient postage.[2] According to Morsley, when the mailing was returned to him, it was missing the exhibits he had included. He does indicate that the traverse was then provided to prison staff to remail to the Court, however without the exhibits. He claims there is no evidence on the docket that his traverse was ever received by the Court following its remailing. Based upon the foregoing, Morsley seeks additional time to submit his traverse. He also appears to suggest that Respondent be directed to provide "trial transcripts" to the Court that were not included as part of the response to the petition.

**II. Discussion**

As a legal matter the Court notes that habeas petitioners have no absolute right to make discovery demands upon respondents. Rather, decisions on discovery requests rest in the sound discretion of the Court. As the United States Court of Appeals for the Third Circuit has noted:

> Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, see Wacht v. Cardwell, 604 F.2d 1245, 1246 n. 2 (9th Cir. 1979), neither do they

---

[2] Morsley states that at the time he first attempted to mail his traverse and exhibits to the Court, he also served a copy of the traverse on Respondent. He states, however, that he did not include the exhibits with Respondent's copy because he did not have the means to copy them.

> provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery. Under Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2254 the district court has discretion to decide the extent to which discovery is appropriate. The Advisory Committee Note to Rule 6 makes clear that prior court approval is required to prevent abuse.

Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987). In the instant case, the Court finds that Morsley has not established good cause for discovery. In fact, he only provides general, boilerplate reasons for the need to conduct discovery and fails to provide any specific facts with respect to what information is needed and why. Further, the issue raised by Morsley in his petition is very narrow and the response provided addresses the matter and attaches relevant exhibits. If Morsley finds that there are other exhibits that speak to the issue presented in his petition, he should have specifically referenced such document and its importance, as opposed to merely speculating that some documents may exist that could be helpful. Further, in reviewing the Requests for Admissions attached by Morsley to his motion, it is clear that many of the requests are irrelevant and do not deal with the issue at hand in the petition and presently pending before this Court. Further, after providing Morsley time to resubmit his traverse and reviewing the record as a whole, if the Court finds it necessary to schedule an evidentiary hearing, then such will be the case. For these reasons, the motion for discovery (Doc. No. 23) will be denied without prejudice, and Morsley's request for an enlargement of time within which to submit his traverse (Doc. No. 30) will be granted.[3] An appropriate order follows.

---

[3] While Morsely seeks that Respondent be directed to submit exhibits on his behalf, this request will be denied. Morsely does not specify what documents he is missing or how they would support any of his claims or controvert any facts set forth in the response to the habeas petition.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN MORSLEY, | : | CIVIL NO. 1:CV-11-1246 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| RONNIE HOLT, | : | |
| Respondent | : | |

# ORDER

**AND NOW**, this 22nd day of April, 2013, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion for discovery (Doc. No. 23) is **denied without prejudice**.

2. Petitioner's motion for enlargement of time (Doc. No. 30) is **granted only to the extent that** Petitioner may submit a traverse in this matter with any supporting exhibits within thirty (30) days from the date of this order.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania