IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN MORSLEY,** | : | **CIVIL NO. 1:CV-11-1246** |
| **Petitioner,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| | : | |
| **RONNIE HOLT,** | : | |
| **Respondent** | | |

## MEMORANDUM

Presently pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and supporting memorandum (Doc. Nos. 1, 2) filed by Allen Morsley ("Petitioner"), a federal inmate incarcerated at the United States Penitentiary at Canaan, Pennsylvania.  Petitioner challenges his conviction and sentence in the United States District Court for the Eastern District of North Carolina of use and carrying of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) in light of the United States Supreme Court decision in Watson v. United States, 552 U.S. 74 (2007).  For the reasons that follow, the Court will deny Petitioner's motion.

## I.      Procedural and Factual Background

Petitioner was convicted in the United States District Court for the Eastern District of North Carolina of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846 (Count One), use and carrying of a firearm during and in relation to the drug trafficking offense and aiding and abetting thereof, in violation of 18 U.S.C. § 924(c) and § 2 (Count Seventeen), and related wire fraud and firearms dealing charges.  As set forth by the United States Court of Appeals for the Fourth Circuit on August 31, 1995 in the denial of Petitioner's direct appeal, the relevant factual background of this case is as follows:

In late 1990 or early 1991, appellant Allen Morsley began purchasing illegal guns from Fletcher Johnson through Johnson's intermediary, Stanley Leach.  Several months before, Johnson had obtained a federal firearms license to sell guns at the retail level, but he soon became attracted to the increased profits available by selling firearms illegally, without completing the required forms and registering the firearms as mandated by law.  Although Morsley attempted to obtain weapons directly from Johnson, because of Morsley's unreliability, Johnson required that all of Morsley's orders be placed with Leach.  In all, Morsley purchased thirteen .380–caliber handguns and four Mac–10 semi-automatic assault weapons from Johnson.  On at least one occasion, Morsley attempted to trade cocaine for weapons, but Johnson refused.

Appellants Tuval McKoy and Melvin Adams also purchased unregistered weapons from Johnson (as did Lenton Earl Jordan and Clyde Andre Hendricks, both of whom later cooperated with the government against Morsley, McKoy and Adams).  Beginning in 1992, McKoy purchased from Johnson five to fifteen weapons every two to three weeks including several assault weapons and handguns ranging from .25 to .45–caliber.  In the course of his weapons dealings with McKoy, Johnson observed several young men entering and leaving McKoy's house.  McKoy told Johnson that he had numerous workers who assisted him in his cocaine sales which, according to McKoy, amounted to kilograms per week.  McKoy later received from Johnson in exchange for cocaine approximately fifteen guns to be delivered to New York . Adams accepted delivery of the guns he procured from Johnson, via Leach, at his home in Raleigh, North Carolina.  During the course of these weapons transactions, Adams also sold cocaine to Leach.  In all, Morsley, McKoy, and Adams purchased hundreds of illegal guns from Johnson, many of which they later resold for use in criminal activity in the Raleigh area.

In July of 1993, Morsley, McKoy, and Adams were indicted with six other persons in a 96–count indictment.  Each was charged with at least six counts of drug trafficking, wire fraud, and firearms offenses, and each was found guilty of all charges except that Adams was acquitted of a count alleging possession of firearms with obliterated serial numbers.

(See United States v. Morsley, et al., 64 F.3d 907, 910-11 (4th Cir. 1995).)

Relevant to the pending matter, Petitioner received a sentence of life imprisonment on the drug conspiracy charge, and a five year consecutive sentence on the 18 U.S.C. § 924(c) and § 2 conviction.  The conviction and sentence were affirmed on direct appeal.  Id.  On April 22, 1997, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the

Eastern District of North Carolina.  The motion was denied on June 3, 1997.  A subsequent

motion to amend the § 2255 motion was also denied.  This decision was upheld by the Fourth

Circuit.  See United States v. Morsley, 153 F.3d 724 (4th Cir. 1998).

Petitioner thereafter pursued habeas relief in this Court pursuant to a petition under 28

U.S.C. § 2241.  See Morsley v. Romine, No. 1:CV-01-1003 (M.D. Pa.).  In the petition, he

attempted to challenge his conviction and sentence pursuant to § 2241, claiming that he was

unable to meet the gatekeeping provision for filing a subsequent § 2255 motion in the sentencing

court.  He wished to raise claims pursuant to Supreme Court rulings issued in Apprendi v. New

Jersey, 530 U.S. 466 (2000) and Bailey v. United States, 516 U.S. 147 (1995).  On July 31, 2003,

this Court denied the habeas petition.  Subsequent motions for reconsideration were also denied.

These decisions were affirmed by the Fourth Circuit Court of Appeals.  See Morsley v. Romine,

No. 04-2249 (4th Cir. Nov. 9, 2004).

On April 22, 2011, Petitioner filed a second habeas petition pursuant to § 2241

seeking to collaterally challenge his North Carolina conviction and sentence.  See Morsley v.

Holt, No. 1:CV-11-0781 (M.D. Pa.).  In the petition, he sought to avail himself of the Supreme

Court decision issued in Watson v. United States, 552 U.S. 74 (2007).  Specifically, he argued

that pursuant to Watson, the evidence supporting his conviction under 18 U.S.C. § 924(c)(1) no

longer constitutes a crime under the "use" prong of § 924(c)(1)(A).  As such, he claimed that this

intervening change in substantive law rendered him "actually innocent" of using a firearm during

and in relation to a drug trafficking crime.  He sought relief pursuant to § 2241 claiming that a

motion under § 2255 was inadequate and ineffective to test the legality of his detention.  On May

3, 2011, this Court dismissed Petitioner's § 2241petition for lack of jurisdiction finding that he

must first seek leave from the Fourth Circuit Court of Appeals to file a second or successive §
2255 motion with the sentencing court.

Thereafter, in accordance with this Court's order, Petitioner filed a motion for
authorization to file a successive § 2255 motion with the Fourth Circuit.  His motion was denied
on June 21, 2011.  See In re: Allen Morsley, No. 11-204 (4th Cir. 2011).  He now files the instant
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In the petition, he again
challenges his 1994 conviction and sentence with respect to Count Seventeen in the Indictment
for violation of 18 U.S.C. § 924(c) in light of the Watson decision.

Count Seventeen against Petitioner charged as follows:

On or about January 1992, the exact date being unknown, and continuing up to
and including June 17, 1993, in the Eastern District of North Carolina, [the
petitioner and others] defendants herein, did unlawfully, willfully, and
intentionally use and carry a firearm, during and in relation to a drug trafficking
offense, that is, the offense set forth in Count One of the instant indictment, which
count, language and allegations are hereby realleged and incorporated by
reference as though fully set forth herein to describe the drug trafficking crime
prosecutable in a court of the United States, in violation of the provisions of Title
18, United States Code, Section 924(c) and 2.

(Doc. No. 11 at 10.)

Petitioner alleges that with respect to Count Seventeen, he was found guilty of violating
18 U.S.C. § 924(c) because he attempted to trade drugs for firearms.  He argues that under
Watson, the Supreme Court subsequently determined that a person who trades drugs for a gun
does not "use" a firearm during and in relation to a drug trafficking crime for purposes of 18
U.S.C. § 924(c).  See Watson v. United States, 552 U.S. 74 (2007).  As such, he claims that
Watson is an intervening change in substantive law that now decriminalizes his conduct with
respect to Count Seventeen, and that his conviction on this count should be vacated.  He

4

maintains that he is entitled to pursue his claim by way of the instant § 2241 habeas petition because he had no earlier opportunity to challenge his conviction on this basis, and relief pursuant to a § 2255 motion is foreclosed.

## II.     Discussion

### A.     Availability of § 2241 Remedy

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective to test the legality of detention.  See 28 U.S.C. § 2255; Dorsainvil, 119 F.3d at 251-52.  The inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim."  Okereke, 307 F.3d 120, citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam).  Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See Dorsainvil, 119 F.3d at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court.

Cradle, 290 F.3d at 539; United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil,

119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under

section 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437

F.2d 1164, 1165 (3d Cir. 1971).

        Petitioner argues that the safety-valve provision of § 2255 as discussed in Dorsainvil

covers his situation because, like the petitioner in Dorsainvil, he is in the position of not having

an earlier opportunity to challenge his conviction and sentence for a crime that an intervening

change in substantive law may negate.  Specifically, the Watson case is a Supreme Court case

that was not decided at the time he filed his earlier § 2255 motion, and his subsequent request

with the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion raising the

Watson challenge has been denied because Watson does not set forth a new rule of constitutional

law.  Rather, Petitioner argues that Watson sets forth an intervening change in substantive law

that has subsequently rendered non-criminal conduct for which he claims he has been convicted

under 18 U.S.C. § 924(c)[1], and thereby allows him to seek relief pursuant to § 2241 in federal

court.

        The Court agrees that the circumstances existing in this case present the precise situation

wherein resort to § 2241 is still available.  Petitioner asserts a claim of actual innocence based

upon the Supreme Court's holding in Watson representing an intervening change in substantive

law which deems his conduct no longer criminal, coupled with Petitioner having no prior

opportunity to make a showing of his innocence in that Watson was decided after he pursued §

---

        [1]  The Fourth Circuit has found that Watson announced a "new substantive right which
must be applied retroactively to cases on collateral review for purposes of 28 U.S.C. §
2255(f)(3).  See United States v. Thomas, 627 F.3d 534, 538 (4th Cir. 2010).

2255 relief and his request to file a successive § 2255 motion has been denied.  For these reasons, the merits of the pending § 2241 will now be addressed.

### B.        Merits of Watson challenge

Petitioner was found guilty of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846.  He does not challenge this portion of his conviction.  Rather, Petitioner argues that he did not use a firearm in furtherance of a drug crime in violation of 18 U.S.C. § 924(c) and, as such, is actually innocent of Count 17 based upon the holding by the Supreme Court in Watson v. United States, 552 U.S. 74 (2007).  In the Watson case, the Court held that a criminal who trades his drugs in order to obtain a gun does not "use" a firearm during and in relation to a drug trafficking crime within the meaning of Section 924(c)(1)(A).  In 1993, the Court answered the converse of that question differently in the case of Smith v. United States, 508 U.S. 223 (1993).  In the Smith case, the Court held that a criminal who trades his firearm in order to obtain drugs "uses" the firearm during and in relation to a drug trafficking offense within the meaning of Section 924(c).  In neither of these two cases however, was the Court confronted with the question of whether one who trades guns in order to obtain drugs or one who trades drugs in order to obtain guns "possesses" or "carries" (as opposed to "uses") a "firearm" in furtherance of" a "drug trafficking crime" within the meaning of Section 924(c).

Respondent first maintains that there is clear evidence in the record that would support a jury's finding that Petitioner "used" a gun in relation to the drug trafficking crime, in violation of 18 U.S.C. §924(c).  Although trading drugs for a firearm may not be sufficient evidence to sustain a conviction under the "use" prong of § 924(c) in light of Watson, Respondent cites Joseph Edward Bostic, III's testimony as sufficient to support a jury finding with respect to

7

"use" of a gun for purposes of a § 924(c) conviction.   Bostic testified that in 1992 he rode with Petitioner to see people, get money and give the people drugs.  He further testified that when he stopped dealing with Petitioner, Petitioner visited him with two other people, with guns, to "encourage" him by force to return to the drug business.  (Doc. No. 20-1 at 9-11.)  As noted by the prosecutor during closing arguments to the jury, "that is using and carrying a firearm during a drug trafficking crime."  (Id. at 21.)  Based on the foregoing, the Court finds that independent of the "drugs for gun barter transaction" between Petitioner and co-defendant Johnson, the jury could have relied on Bostic's testimony to find that Petitioner used a firearm during a drug trafficking crime.

Further, the Court finds that Petitioner has taken an extremely narrow interpretation of Watson, which addressed a set of facts similar to the ones presented here, but with one significant difference.  Although both Petitioner and the defendant in Watson exchanged drugs in return for a firearm, the defendant in Watson was charged only under 18 U.S.C. § 924(c)(1)(A), and not also under 18 U.S.C. § 2 as an aider and abettor.  (Doc. No. 11 at 5.)  Petitioner ignores the fact that he was charged in Count Seventeen not only with a violation under 18 U.S.C. § 924(c)(1)(A), but also under 18 U.S.C. § 2 with aiding and abetting a violation of § 924(c)(1)(A).  There is nothing in § 924(c)(1)(A) or the aiding and abetting statute, 18 U.S.C. § 2, to suggest that a person may not be convicted and sentenced under § 924(c)(1)(A) for aiding and abetting another person's violation of the statute.  In fact, post-Watson, the Supreme Court affirmed a conviction under § 924(c)(1)(A)(iii) and 2.  See Dean v. United States, 556 U.S. 568 (2009); see also United States v. Moreta, 310 F. App'x 534, 536 (2009)("We have held that an individual who does not personally use or carry a firearm may still be found guilty of violating

18 U.S.C. § 924(c)(1) on an aiding and abetting theory if the actions of the defendant who did use or carry a firearm were sufficiently intertwined with, and his criminal objectives furthered by, the actions of the participant who did carry and use the firearm.")(quoting United States v. Gordon, 290 F.3d 539, 547 (3d Cir. 2002)).

As such, pursuant to § 2, Petitioner could be held liable for another person's violation of § 924(c) if Petitioner's actions were sufficiently intertwined with, and his criminal objectives furthered by, the actions of the participant(s) who did carry and use the firearm. Moreta, 310 F. App'x at 536. The evidence at trial revealed a chain of events from which the jury could clearly make such a finding in the instant case. At trial, Petitioner's co-conspirators admitted to the use of guns during the existence of the drug conspiracy and, as such, the jury could have properly found that Petitioner aided and abetted the co-conspirators with that use. Based on the foregoing reasons, the Court finds that Petitioner's habeas corpus petition is without merit. An order consistent with this memorandum follows.